## HENRY H. PETERS v. FERDINAND RUEBENHAGEN AND OTHERS.[1]

### July 15, 1921.

### No. 22,357.

**Broker — when owner making sale is not liable for commission.**
　　1. Where a real estate broker has no exclusive right of sale, the

[1]Reported in 184 N. W. 16.

owner of the land is not precluded from the right of sale to any person who may present himself, and, in case sale is made before the broker presents a purchaser, is not liable to the broker for a commission on a sale subsequently made by him.

**Verdict for plaintiff sustained by evidence.**

2. The evidence sustains the verdict of the jury to the effect that the sale made by the broker was reported to the landowner prior to the sale by him and rejected without cause.

Action in the district court for Sibley county to recover $715 broker's commission on the sale of land. The case was tried before Tifft, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for $715. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*George A. & C. H. MacKenzie,* for appellants.

*T. Otto Streissguth* and *Mueller Streissguth,* for respondent.

BROWN, C. J.

Action to recover a commission alleged to be due plaintiff for services rendered defendants in the sale of certain land owned and held by them for sale. Plaintiff had a verdict and defendants appealed from an order denying a new trial.

Defendants authorized plaintiff to procure a purchaser for their lands, agreeing to pay him a commission if successful. Of this the record presents no dispute. Plaintiff claims that he thereafter found and presented to defendants a purchaser ready, able and willing to buy the lands on terms named by defendants; that defendants refused to accept him and immediately thereafter sold the land to a third person for the sum of $41,715. Plaintiff further claims that for his services in the matter he was to receive all the land sold for over and above $41,000, the selling price named by defendants to plaintiff, and that, since defendants wrongfully rejected the purchaser presented by him and sold the land to the third person for $715 above the named purchase price, plaintiff is entitled to recover that amount.

Defendants conceded the authority of plaintiff to effect a sale of the land, and that if successful he would be entitled to compensation for his services. But they urged in defense that he had no exclusive right

of sale, and that, by the authority given him, they were not precluded from selling the land should a purchaser come to them and offer to buy the same. They further claim that a purchaser did present himself, and that defendants sold the land to him before plaintiff reported the sale to the person he subsequently presented as a purchaser. In response to this, plaintiff replied that the purchaser found by him was presented to defendants before the sale to the third person, and even before the initiation of negotiations looking to such sale. On this feature of the case there was a sharp conflict in the evidence.

The questions presented do not require extended discussion. The principal point involved ranges around the question whether plaintiff presented the purchaser procured by him before defendants made the sale to the third person. There was in fact no exclusive right of sale in plaintiff, and defendants were at liberty to make a sale to any one who might come forward with an offer to buy. 1 Dunnell, Minn. Dig. § 1141. But if plaintiff presented his purchaser before a sale was made by them, as he claims, he is entitled to the compensation agreed upon. Of this no controversy arises; the point is not disputed. The question then as to the time plaintiff presented his purchaser, whether before or after the sale by defendants, became the pivotal issue on the trial. It was submitted to the jury under clear instructions and was answered in plaintiff's favor. The evidence on the point is conflicting. If that offered by plaintiff expressed the truth, a question for the jury, plaintiff's right of recovery is clear. Our examination of the record presents no reason for disapproving the verdict of the jury and it must stand.

The further contention of defendants that plaintiff was not entitled to the excess over $41,000, for which the sale was made, but to something less, measured by the acreage of the land, is not sustained by the record; at least the evidence made the question of the amount of plaintiff's compensation one of fact for the jury.

Order affirmed.