JOHN GUMO v. CARL V. LIND.[1]

March 23, 1945.

No. 33,955.

*C. J. Laurisch* and *Josiah A. Baker,* for appellant.
*Dailey, Mason & Mason,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues to recover a commission of $150 for his services as a real estate broker under a contract by the terms of which he claims defendant employed him "to find a purchaser" of his farm and agreed to pay him as a commission all the purchase price in excess of $7,500.

On November 3, 1942, plaintiff and Fred Krueger took Leonard Hubmer, a prospective purchaser, to the farm. Defendant was working in the yard when they arrived. All conversations between the parties mentioned took place there. At first Hubmer was un-

[1]Reported in 18 N. W. (2d) 125.

decided about buying. Before making up his mind he went to see a neighbor about some tiling and drainage. Upon his return, he indicated that he would buy the farm for $7,650 cash. Thereupon, plaintiff told defendant that Hubmer was ready and willing to buy upon the terms mentioned. There was some talk about closing the deal in Rapidan.

Defendant had been negotiating with one Flo as a prospective purchaser. When plaintiff and the other parties mentioned arrived at the farm, defendant told Krueger that he had not sold the farm. Later, when he learned that Hubmer was ready and willing to buy upon the terms mentioned, defendant informed plaintiff and the others that he had a prospective purchaser. He then went into the house to ascertain whether his wife had heard anything from Flo. After a short time he came out again and said "that the deal was off," because he expected his "prospect" to be at his place the next day, as he had agreed. Subsequently, defendant sold the farm to Flo. The terms of the transaction do not appear. It is clear that at the time Hubmer was presented as a purchaser defendant had no definite promise from Flo, either oral or written, to purchase. Obviously, the matter was subject to further negotiations, which resulted in the sale to him.

It was undisputed that plaintiff did not have an exclusive agency or an exclusive right to sell, and that defendant, as the owner, had the right to make a sale himself. The court below found for defendant upon the ground that defendant had procured Flo as a purchaser before plaintiff produced Hubmer as one, even though at the time plaintiff produced him defendant had not made any definite arrangements with Flo for a sale to him.

Where the broker has no exclusive right of sale, the owner of land may sell it himself; but, if before the owner makes a sale the broker procures a purchaser ready and willing to buy on the terms proposed by the owner, the broker is entitled to the commission agreed upon. Peters v. Ruebenhagen, 149 Minn. 474, 184 N. W. 16. Here, the evidence shows without dispute that at the time plaintiff presented Hubmer to defendant as a purchaser ready and willing

to buy defendant had made no sale of the land and was still negotiating with Flo as a prospective purchaser. He had at that time no commitment from Flo of any sort, either oral or written, to purchase. Therefore, plaintiff was entitled to recover. Judgment should have been ordered in his favor.

Reversed with directions to enter judgment in favor of plaintiff.